UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ILZIA CABRERA and JOHN CABRERA,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No.: 23-cv-1775-WQH-LR

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees, Costs, and Expenses filed by Plaintiffs Ilzia Cabrera and John Cabrera (collectively, "Plaintiffs"). (ECF No. 60.)

## I.    BACKGROUND

On March 24, 2023, Plaintiffs initiated this action by filing a Complaint against Defendant Ford Motor Company ("Defendant") in the United States District Court for the Northern District of California. (ECF No. 1.) On May 1, 2023, Plaintiffs filed the First Amended Complaint ("FAC"), the operative pleading, which asserted claims against Defendant for violations of the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). (ECF No. 16, FAC.)

On September 26, 2023, District Judge Beth Labson Freeman issued an order granting Defendant's Motion to Dismiss for Improper Venue under Federal Rule of Civil Procedure 12(b)(3) and Transfer Venue under 28 U.S.C. § 1404(a). (ECF No. 31 at 9.)

Judge Freeman further denied without prejudice to "refiling in the proper court" Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*

On September 27, 2023, the case was transferred from the United States District Court for the Northern District of California to the United States District Court for the Southern District of California. (ECF No. 33.)

On October 27, 2023, Defendant filed the Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss"). (ECF No. 40.) On June 4, 2024, the Court granted in part and denied in part the Motion to Dismiss. (ECF No. 44.) Specifically, the Court dismissed without prejudice Plaintiffs' fourth cause of action for breach of the implied warranty of merchantability. *Id.* at 18.

On July 2, 2024, Defendant filed an Answer to the FAC. (ECF No. 45.)

On August 13, 2024, Plaintiffs filed a Request for Entry of Judgment Pursuant to FRCP 68(a), indicating that they had accepted Defendant's offer of judgment under Federal Rule of Civil Procedure 68 "in the amount of $105,000.00." (ECF No. 51 at 2.) Plaintiffs also attached a signed copy of Defendant's Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer"). *Id.* at 4–7. With respect to attorneys' fees and costs, the Rule 68 Offer stated, in relevant part:

> Plaintiffs shall retain the right to petition the Court for an award of reasonably and actually incurred attorney fees and costs recoverable pursuant to California Civil Code Section 1794(d). In ruling on Plaintiffs' fee/cost motion(s), the attorney fees, expenses and costs shall be calculated as if Plaintiffs were found to have prevailed in this action under section 1794(d) of the California Civil Code. Ford expressly reserves all defenses to Plaintiffs' fee/costs motion(s). Plaintiffs may recover for attorney fees and costs reasonably and actually incurred in bringing such a fee/cost motion(s).

*Id.* at 5.

On August 21, 2024, the Court issued an Order directing the Clerk of the Court "to enter JUDGMENT in favor of Plaintiffs in the amount of $105,000.00 pursuant to the terms of the Rule 68 Offer." (ECF No. 52 at 2.) The next day, the Court entered the judgment. (ECF No. 53.)

On November 8, 2024, the Court issued an Order granting the parties' joint motion to continue the deadline for Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Expenses. (ECF No. 57.) The Court extended Plaintiffs' deadline to file the motion to November 19, 2024. *Id.* at 2.

On November 25, 2024,[1] Plaintiffs filed the Motion for Attorneys' Fees, Costs, and Expenses. (ECF No. 60.)[2]

On November 26, 2024, Plaintiffs filed a Bill of Costs, requesting that the Clerk of the Court tax costs in favor of Plaintiffs in the amount of $751.25. (ECF No. 61.) On December 9, 2024, the Clerk of the Court issued an Order Taxing Costs in the amount of $0.00. (ECF No. 64.) In the Order, the Clerk of the Court stated:

> Local Rule 54.1(a) allows a prevailing party entitled to costs to file a Bill of Costs within fourteen (14) days after entry of judgment. The Bill of Costs was filed on November 26, 2024. An entry of judgment was entered on August 22, 2024. As such, this Bill of Costs must be denied in its entirety.

*Id.* at 1.

---

[1] In its Response in Opposition, Defendant points out that Plaintiffs filed the Motion for Attorneys' Fees, Costs, and Expenses several days after the deadline set by the Court. (ECF No. 66 at 8 n.1.) Defendant notes that it is raising arguments in opposition to Plaintiffs' Motion "in the event that the Court considers Plaintiffs' untimely motion." *Id.* However, "[c]ourts are particularly likely to allow an untimely motion for attorneys' fees when there is no prejudice resulting from the delay and the interests of justice favor resolving the untimely request on its merits." *Prodox, LLC v. Pro. Document Servs., Inc.*, No. 2:20-cv-02035-JAD-NJK, 2022 WL 22881782, at *1–2 (D. Nev. Nov. 21, 2022) (refusing to deny a motion for attorneys' fees as untimely—despite the plaintiff's failure to provide "sufficient justification" for filing the motion "more than two months late"—in part because the defendant "ha[d] not established any prejudice stemming from the timing of the motion"). In this case, Defendant has not demonstrated that it suffered any prejudice from Plaintiffs filing the pending Motion within one week of the deadline previously set by the Court. The Court accordingly declines to deny the Motion as untimely.

[2] Previously, on November 22, 2024, Plaintiffs filed a Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 58) and a Request for Judicial Notice (ECF No. 59) that appear to be essentially identical to the present Motion and its attachments. (*Compare* ECF Nos. 58, 58-1, 58-2, 59, *with* ECF Nos. 60, 60-1, 60-2, 60-3.) The Court observes that the previously filed Motion (ECF No. 58) contained an improper hearing date and assumes that Plaintiffs refiled the Motion to correct that deficiency. The previously filed Motion (ECF No. 58) is accordingly denied as moot.

On December 16, 2024, Defendant filed a Response in Opposition to the Motion for Attorneys' Fees, Costs, and Expenses. (ECF No. 66.)

## II.    CONTENTIONS

Plaintiffs contend that, as prevailing parties, they are entitled to recover their attorneys' fees, costs, and expenses in the amount of $70,400.50 pursuant to California Civil Code § 1794(d) and the Rule 68 Offer. (*See* ECF No. 60 at 9–10.) Specifically, Plaintiffs request an award consisting of:

> (1) $47,740.00 in attorney fees for Strategic Legal Practices, APC ('SLP');
> (2) a 1.35 multiplier enhancement on the attorney fees (or $16,709.00);
> (3) $1,451.50 in costs and expenses for SLP; and (4) an additional $4,500.00
> for Plaintiffs' counsel to review Defendant's Opposition, draft the Reply, and
> attend the hearing on this Motion.

*Id.* at 10. Plaintiffs contend that "[t]he hourly rates for the attorneys who worked on this case are appropriate given the relative experience and qualifications of these attorneys" and that their counsel's rates "have been approved by Courts in the Southern and Central District [of California], and throughout the state." *Id.* at 16. Plaintiffs also contend that their counsel's billable hours—amounting to a total of 93.8 hours—spent litigating this case through the present Motion are reasonable. *Id.* at 18. Additionally, Plaintiffs contend that a lodestar multiplier enhancement of 1.35 is warranted in this case because (1) "counsel obtained an excellent outcome"; (2) the risks posed by the litigation were "substantial" because "SLP undertook representation of Plaintiff[s] on a contingency basis"; and (3) payment has been delayed for over a year. *Id.* at 21–23. Finally, Plaintiffs contend that they are entitled to reimbursement for their costs and expenses reasonably incurred in litigating this case. *See id.* at 23. Plaintiffs attach documentation of SLP's itemized billing entries and costs and expenses for this case. (ECF No. 60-2 at 206–10.)

Defendant does not dispute that Plaintiffs are the prevailing parties for purposes of this motion. Defendant contends, however, that Plaintiffs' counsel's hourly rates are "excessive" and "unsupported by the evidence." (ECF No. 66 at 10.) Defendant also contends that Plaintiffs' counsel's time entries include "excessive" and "unnecessary"

4

entries, including time entries related to the state court proceeding that Plaintiffs voluntarily dismissed prior to filing the present action in the Northern District of California. *Id.* at 15–16. Defendant contends that additional entries contain inappropriate block-billed and clerical tasks. *Id.* at 19–21. Defendant contends that Plaintiffs' fees requested in connection with the present Motion are excessive given the Motion's "template" nature. *Id.* at 18. Defendant attaches a spreadsheet detailing its specific objections to Plaintiffs' itemized billing entries. (ECF No. 66-5.) Defendant also contends that a lodestar enhancement is unwarranted in this action. Finally, Defendant contends that Plaintiffs' request for costs should be denied because Plaintiffs "seek unrecoverable costs, do not present any evidence to support their costs, and improperly bring an untimely request for costs," despite the Clerk of the Court denying Plaintiffs' Bill of Costs as untimely. (ECF No. 66 at 23 (citing ECF No. 64).) In sum, Defendant requests that the Court award Plaintiffs "no more than $8,210.25 in attorneys' fees" and deny Plaintiffs' request for costs. *Id.* at 24.

## III.   LEGAL STANDARD

Under the Song-Beverly Act, a prevailing buyer:

> shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d). "The plaintiff bears the burden of demonstrating that the fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount." *Hellenberg v. Ford Motor Co.*, No. 18cv2202 JM (KSC), 2020 WL 1820126, at *1 (S.D. Cal. Apr. 10, 2020) (citing *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013)).

"Courts calculate attorneys' fees under § 1794(d) using the 'lodestar adjustment method.'" *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *2 (S.D. Cal. Aug. 10, 2020) (quoting *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (Ct. App. 2006)). "The lodestar calculation 'begins with

a touchstone or lodestar, based on careful compilation of the time spent and reasonable hourly compensation of each attorney.'" *Id.* (quoting *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001)). After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum*, 17 P.3d at 741. "[T]he purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.*

## IV.    DISCUSSION

### A.    Attorneys' Fees

#### 1.    Reasonable Rate

In determining a reasonable rate for attorneys' fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The relevant community is that in which the district court sits." *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014) (quoting *Weeks v. Kellogg Co.*, No. CV 09-08102(MMM) (RZx), 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013)); *see Butler v. Homeservices Lending LLC*, No. 11-cv-02313-L (MDD), 2014 WL 5460447, at *6 (S.D. Cal. Oct. 27, 2014) ("The survey and reports submitted by both [plaintiff] and [defendant] are irrelevant to the hourly rate inquiry because none of them address the prevailing market rate for attorneys of reasonably comparable skill, experience, and reputation in the Southern District of California."). Courts may draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as "[the court's] own experience in determining what constitutes a reasonable rate." *Base v. FCA US, LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020). "Once the fee applicant has proffered such evidence" of the

prevailing market rate in the community, "the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Nguyen v. BMW of N. Am., LLC*, No. 3:20-CV-2432 JLS (BLM), 2023 WL 173921, at *2 (S.D. Cal. Jan. 12, 2023) (quoting *Cortes v. Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005)).

Plaintiffs contend that the following hourly rates are reasonable:[3]

| Name | Hourly Rate (2023) | Hourly Rate (2024) |
|------|------|------|
| Tionna Carvalho | $570 | $595 |
| Christian Castro | N/A[4] | $475 |
| Ivy Choderker | $595 | $595 |
| Mark Gibson | $495 | N/A |
| Elizabeth Larocque | $595 | $595 |
| Daniel Law | $475 | $495 |
| Tara Mejia | $350; $395[5] | N/A |
| Mirwais Mohammad | $400 | N/A |
| Deborah Rabieian | $435 | N/A |
| Rosy Stoliker | N/A | $435 |
| Rabiya Tirmizi | N/A | $395 |
| Michael Tracy | $475 | N/A |

---

[3] An additional nine timekeepers are included in the documentation attached to Plaintiffs' Motion. However, as explained below, the Court is excluding from the fee award the time that Plaintiffs' counsel billed in the state court action that Plaintiffs voluntarily dismissed prior to filing the present federal action. Because these nine timekeepers billed time for Plaintiffs' case only in 2021 and 2022—prior to the filing of the present federal case—the Court has deducted their time from Plaintiffs' fee award and need not evaluate the reasonableness of their hourly rates.

[4] The Court uses "N/A" to indicate that, according to Plaintiffs' billing records, the attorney did not bill any time for Plaintiffs' case during the corresponding year. For example, attorney Christian Castro did not bill any time for Plaintiffs' case in 2023.

[5] The billing records reflect that, between May and July 2023, attorney Tara Mejia's hourly rate increased from $350 to $395. (*See* ECF No. 60-2 at 207.)

(ECF No. 60-2 at 7–17; *see also id.* at 210.) Plaintiffs contend that these rates "are appropriate given the relative experience and qualifications of these attorneys," and that the rates are like those "that have been approved by Courts in the Southern and Central District [of California], and throughout the state." (ECF No. 60 at 16.)

Defendant contends that Plaintiffs' counsel's requested rates "are excessive and well above the rates charged for similar work in the community, especially for cookie-cutter lemon law cases." (ECF No. 66 at 11.) Defendant contends that Plaintiffs offer no evidence as to the "prevailing community rate," and instead rely upon "a handful of other courts [that] have granted [SLP] those rates in the past." *Id.* at 10. Defendant contends that the Court should apply the 2022 Real Rate Report's median rates for consumer goods and insurance defense cases in determining an appropriate rate for Plaintiffs' counsel. *Id.* at 12. Defendant contends that the Court should award rates of no more than $350 per hour for Tionna Carvalho—who Defendant contends is "the only billing partner on this matter"—and $275 per hour for non-partners. *Id.* at 13.

Plaintiffs cite several cases where courts within the San Diego community—at both the state and federal level—have approved SLP's rates as reasonable. For example, in *Hall v. FCA US LLC*, a San Diego Superior Court judge declined to reduce SLP's rates, which ranged from $325/hour to $495/hour in that case. (ECF No. 60-2 at 129–130 (citing *Hall v. FCA US LLC*, No. 37-2016-00006383-CU-BC-CTL (San Diego Superior Ct. June 25, 2018)); *id.* at 140–48.) The judge in *Hall* explained that he found SLP's rates "to be consistent with San Diego lawyer rates" "based on [the] Court's familiarity with this issue." *Id.* at 130.

Plaintiffs also cite *Scherer v. FCA US, LLC*, where, in 2022, a judge in the Southern District of California found that, with respect to SLP's associate and senior attorneys, the rates were "supported by evidence and [were] reasonable." No. 20-cv-02009-AJB-BLM, 2022 WL 22902332, at *7 (S.D. Cal. Oct. 24, 2022). The rates approved in *Scherer*

included, as relevant to this action, a $550/hour rate for Tionna Carvalho;[6] a $450/hour rate for Mark Gibson; and a $410/hour rate for Deborah Rabieian. *Id.* These rates are comparable to the rates SLP seeks in the present action, particularly when accounting for the attorneys' increased experience, as well as inflation. (*Cf.* ECF No. 60-2 at 210 (seeking, in this action, rates of $570/hour and $595/hour for Tionna Carvalho; $475/hour and $495/hour for Mark Gibson; and $435/hour for Deborah Rabieian).)

Additionally, in another recent case that SLP litigated in this district, another judge deemed the following rates to be reasonable in a case involving several of the same attorneys: $550/hour for Tionna Dolin; $440/hour for Daniel Law; and $410/hour for Deborah Rabieian, all for the year of 2022. *See Bendavid v. Kia Am., Inc.*, No. 22-CV-223-RSH-BLM, 2023 WL 6063442, at *3–4 (S.D. Cal. Mar. 7, 2023) (concluding that SLP's requested rates were reasonable in light of orders from comparable cases reflecting approval of similar rates); *see also Bendavid v. Kia Am., Inc.*, No. 22-CV-223-RSH-BLM, ECF No. 29-2 at 307 (S.D. Cal. Aug. 10, 2022) (listing the attorneys' hourly rates). Although the defendant in *Bendavid* did not challenge the reasonableness of SLP's hourly rates, the Court nevertheless finds the approval of similar rates in another one of SLP's cases (and involving several of the same attorneys as in this case) persuasive. *See Bendavid*, 2023 WL 6063442, at *4. The Court notes that the rates approved in *Bendavid* are comparable to the rates the same attorneys now request in this case.

Defendant points out that some cases within this district and the Central District of California have reduced the hourly rates in similar lemon law cases to reflect the Real Rate Report's median rates for general consumer goods and insurance defense cases. (*See* ECF No. 66 at 11; *see also, e.g.*, *Aispuro*, 2020 WL 4582677, at *3–4 (reducing the plaintiff's attorneys' requested rates to $350/hour for partners and $225/hour for associates in

---

[6] Ms. Carvalho is referenced in *Scherer* as "Tionna Dolin," *id.*; however, Plaintiffs' Motion clarifies that Dolin is Ms. Carvalho's maiden name. (*See, e.g.*, ECF No. 60-2 at 8 (referencing Ms. Carvalho as "Tionna Carvalho (nee Dolin)").)

23-cv-1775-WQH-LR

accordance with the median rates in the 2018 Real Rate Report).) However, other courts within this district have declined to follow the Real Rate Report. *See Jurosky v. BMW of N. Am., LLC*, No. 19cv706 JM (BGS), 2020 WL 5033584, at *3 (S.D. Cal. Aug. 25, 2020) (declining to adjust the hourly rates for SLP attorneys based upon the Real Rate Report in part because "[o]ther courts … have declined to adjust rates based on the Real Rate Report" and "the cases in which the court decreased the hourly rate did not involve the attorneys who represented Plaintiff here"); *Pappas v. Ford Motor Co.*, No. 3:21-cv-00584-BEN-KSC, 2021 WL 5810661, at *3 (S.D. Cal. Dec. 7, 2021) (approving the plaintiff's attorney's requested rate of $510/hour and declining to implement the $350/hour rate applied in *Aispuro* because the plaintiff "provide[d] an extensive background of its counsel's consumer law experience and the declarations of other attorneys who work in the area" and the defendant "fail[ed] to provide evidence that Plaintiff's rate [was] unreasonable beyond pointing out a lower rate awarded in an unrelated case").

In this case, the Court declines to follow Defendant's suggestion of applying the Real Rate Report's median rates for general consumer goods and insurance defense cases. The Court instead finds the hourly rates approved for other lemon law actions in this district—often involving the same attorneys, or, at the very least, the same firm—more persuasive in determining reasonable hourly rates for Plaintiffs' counsel. *See Jurosky*, 2020 WL 5033584, at *3; *Pappas*, 2021 WL 5810661, at *3; *Scherer*, 2022 WL 22902332, at *7; *Bendavid*, 2023 WL 6063442, at *3–4.

In sum, the Court concludes that Plaintiffs' counsel's requested rates are reasonable. These rates are also comparable to those awarded to different counsel in other recent Southern District of California "lemon law" cases. *See Garcia v. Ford Motor Co.*, No. 22-cv-1474-GPC, 2023 WL 3961090, at *4 (S.D. Cal. June 12, 2023) (upholding attorney rates ranging "between $475 and $605 per hour" in part because "the attorneys involved [were] highly skilled in Song-Beverly cases" and "[had] many years' experience litigating Song-Beverly actions and have a proven track record of success"); *Hellenberg*, 2020 WL

1820126, at \*2–3 (upholding as reasonable rates of \$350/hour–\$550/hour for partners and rates of \$250/hour–\$325/hour for associates).[7]

### 2.    Hours Reasonably Expended

The prevailing party is entitled to "an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quotation omitted). "A fee applicant must provide records documenting the tasks completed and the amount of time spent." *Scott v. Jayco Inc.*, No. 1:19-cv-0315 JLT, 2021 WL 6006411, at \*2 (E.D. Cal. Dec. 20, 2021) (citing *Hensley*, 461 U.S. at 424).

"[G]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Demaria v. FCA US LLC*, No. 17-cv-00539-AJB-BGS, 2020 WL 7013584, at \*1 (S.D. Cal. Nov. 25, 2020) (quoting *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (Ct. App. 2008)). Instead, "[i]f the prevailing party meets his initial burden" of "showing that the fees incurred were reasonably necessary to the conduct of the litigation," "[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable." *White v. FCA US LLC*, No. 22-cv-00954-BLF, 2024 WL 4257640, at \*2 (N.D. Cal. Sept. 20, 2024) (citations omitted). "If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut.'" *Zargarian v. BMW of N. Am., LLC*, 442 F.

---

[7] In determining reasonable rates, the Court does not consider Defendant's arguments that Plaintiffs' counsel's rates "do not reflect rates that clients actually pay" and that Plaintiffs failed to present "evidence that any client has ever paid them these rates." (ECF No. 66 at 11.) Plaintiffs need not show that they were actually billed at their attorneys' rates to demonstrate that the rates are reasonable or to recover attorneys' fees. *See Lin v. BMW of N. Am., LLC*, No. LACV 18-08297-VAP (PLAx), 2020 WL 8743479, at \*6 (C.D. Cal. Sept. 8, 2020) (rejecting the defendant's argument that plaintiff's counsel's rates were "unreasonable" because they were not "actually charged" to the plaintiff and holding that, "[a]lthough plaintiff's counsel was retained on a contingency fee basis, Plaintiff [was] entitled to recovery of his attorneys' fees pursuant to the relevant fee-shifting provisions of Song-Beverly" (citing *Robertson*, 144 Cal. App. 4th at 818)).

Supp. 3d 1216, 1223 (C.D. Cal. 2020) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)).

### a. Hours Expended in the Voluntarily Dismissed State Court Proceeding

Defendant contends that the Court should exclude the billing entries from the state court proceeding that Plaintiffs voluntarily dismissed prior to filing the present federal action because these entries are "unnecessary and redundant." (ECF No. 66 at 15.) Specifically, Defendant's counsel explains in a declaration that:

> On August 12, 2021, Plaintiffs first filed suit in Santa Clara Superior Court alleging causes of action for breach of express and implied warranty under the Song-Beverly Act, Fraudulent Inducement – Concealment, and negligent repair. On November 19, 2021, [Defendant] filed its motion to compel arbitration which was set to be heard on February 22, 2022. Before [Defendant's] motion could be heard, Plaintiffs voluntarily dismissed their state court action on February 16, 2022. Over a year later, on March 24, 2023, Plaintiffs brought suit in the United States District Court for the Northern District of California.

(ECF No. 66-1 at 2.)[8] Notably, Plaintiffs' Complaint and FAC similarly assert causes of action against Defendant under the Song-Beverly Act. (*See generally* ECF No. 1; ECF No. 16.)

Defendant contends that Plaintiffs should not be permitted to recover fees incurred in the state court proceeding because that proceeding was a separate action "that Plaintiffs voluntarily dismissed to avoid an unfavorable ruling on [Defendant's] motion to compel arbitration." (ECF No. 66 at 15.) Defendant contends that, pursuant to Federal Rule of Civil Procedure 41(d), a defendant is typically permitted to seek costs from a plaintiff who

---

[8] Although Plaintiffs did not file a Reply responding to Defendant's contentions about the prior state court proceeding, the Court notes that the Joint Case Management Conference Statement, which was filed jointly by the parties on September 13, 2023, states that this federal matter "was previously filed in Santa Clara Superior Court (21CV387137) before Plaintiffs dismissed and re-filed in federal court." (ECF No. 26 at 8.)

previously dismissed an action and later files another action "based on or including the same claim against the defendant." *See id.* at 16; *see also* Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court … may order the plaintiff to pay all or part of the costs of that previous action[.]"). Defendant contends that, in light of Rule 41(d), it would be illogical for the Court to permit Plaintiffs to now recover their state court fees in this federal proceeding "when it is clear that Plaintiffs abused the litigation process by forum shopping." (ECF No. 66 at 16.) In the alternative, Defendant requests that, if the Court permits Plaintiffs to recover fees incurred in the state court proceeding, the Court should nevertheless exclude several billing entries Defendant identifies as "suspect, unreasonable, excessive, and unnecessary." *Id.* at 16–17.

As Defendant points out, courts often apply Rule 41(d) to award costs to the defendant where, as here, the plaintiff voluntarily dismisses a prior action and then re-files a case based upon or including the same claim. Rule 41(d) thus "protects against the harassment of repeated lawsuits by the same plaintiff on the same claims" and "deter[s] forum shopping and vexatious litigation." *Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD, 2023 WL 2529782, at *1 (E.D. Cal. Mar. 15, 2023) (citations and internal quotation marks omitted). For example, in *Owen*, the plaintiff filed a Song-Beverly action in California state court, then voluntarily dismissed the entire action without prejudice after the defendant moved to compel arbitration. *Id.* Several months later, the plaintiff filed a complaint containing "allegations mirror[ing] those in her state court complaint" against the defendant in federal court. *Id.* The federal court subsequently granted the defendant's request to recover the costs and fees that the defendant "incurred needlessly as a direct result of [the plaintiff's] dismissal and refiling" pursuant to Rule 41(d). *Id.* at *4. Other courts have also awarded the costs and fees of defending the state court lawsuit to defendants in similar circumstances. *See, e.g.*, *Ortega v. Am. Honda Motor Co., Inc.*, No. 2:22-cv-04276-FLA (MRWx), 2023 WL 5207504, at *3–4 (C.D. Cal. Mar. 24, 2023) (concluding that the defendant should recover its costs and fees incurred for

"prior legal services rendered in the state court action [that] cannot contribute to its defense in the present [federal] case").

Here, Defendant is not seeking to recover its own fees incurred in the state court action; instead, Defendant merely contends that it would be inequitable for Plaintiffs to benefit from forum-shopping by recovering their fees from the voluntarily dismissed state court proceeding. The Court agrees with Defendant that, in light of Rule 41(d) and the policy considerations underlying it, it would be illogical and inequitable to permit Plaintiffs to now recover fees from the state court proceeding that they voluntarily dismissed before filing the present federal action. Accordingly, the Court deducts the billing entries ranging from August 10, 2021, to January 12, 2023, from Plaintiffs' fee award.[9] (*See* ECF No. 60-2 at 206–07.)

### b.    Number of Timekeepers

Defendant also contends that "Plaintiffs' use of twenty-one different timekeepers for this run-of-the-mill matter is the very definition of unreasonable and unnecessary." (ECF No. 66 at 6 (emphasis removed).) However, "[t]he court is not in a position … to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiffs' counsel's law firm." *Holcomb v. BMW of N. Am., LLC*, No. 18cv475 JM (BGS), 2020 WL 759285, at *3 (S.D. Cal. Feb. 14, 2020) (observing that, "for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common"). Here, the Court is satisfied that the billing records in this case do not reflect excessive amounts of time billed for duplicative work, inter-office

---

[9] Plaintiffs' billing records indicate that Plaintiffs began incurring fees in relation to the present federal action on March 13, 2023, when counsel billed 2.0 hours to "Review file and draft complaint" nine days before filing the Complaint. (ECF No. 60-2 at 207.) Prior to this time entry, Plaintiffs' counsel inexplicably billed 1.2 hours to "Draft P's PMQ NOD," on January 12, 2023—nearly one year after voluntarily dismissing the state court proceeding and two months prior to drafting Plaintiffs' federal Complaint to initiate this action. *See id.* With no action then pending, the Court can discern no reason for Plaintiffs' counsel to have prepared a notice of deposition at that time. Thus, Plaintiffs may not recover the fees incurred from the January 12, 2023 time entry.

communications, or reviewing the file and case materials, which are the primary concerns when an "excessive" number of timekeepers are involved in a case. *See id.* Accordingly, because "the billing records do not show that a significant amount of time was unreasonably spent getting [twelve] attorneys up-to-speed on this case," the Court declines to find that the hours expended are unreasonable based solely on the number of timekeepers. *Id.*

### c.    Templated and "Unreasonable" Work

Defendant contends that the Court should exclude various billing entries because they are either "suspect" or "boilerplate." (ECF No. 66 at 17–18.)

For example, Defendant takes issue with the 2.7 hours billed by Plaintiffs' counsel for "drafting, reviewing, and filing their boilerplate, templated complaint that Plaintiffs' counsel files in nearly every federal matter." *Id.* at 18. Specifically, Mark Gibson billed 2.0 hours to "Review file and draft complaint," and Tionna Carvalho billed 0.7 hours to "Review and revise federal complaints." (ECF No. 60-2 at 207.) Notably, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Caccamise v. Credit One Bank, N.A.*, No. 18-CV-971 JLS (BLM), 2020 WL 804741, at *7 (S.D. Cal. Feb. 18, 2020) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir. 1989)). However, in *Rahman v. FCA US LLC*, the court found that billing 1.7 hours to prepare the complaint was "excessive for a routine lemon law case; drafting a boilerplate complaint should not take more than an hour." 594 F. Supp. 3d 1199, 1205 (C.D. Cal. 2022). In this case, the Court agrees that the amount of time billed for revising and editing the Complaint appears excessive, given the routine nature of this case and both Gibson and Carvalho's experience with litigating "lemon law" actions. The Court accordingly deducts 1.0 hour of Gibson's time from Plaintiffs' fee award.

Defendant also contends that it was "unreasonable and excessive" for Plaintiffs' counsel to bill 2.2 hours to review Defendant's Motion to Dismiss and draft the FAC because the FAC "is identical to the initial complaint but for changes in only two paragraphs." (ECF No. 66 at 18.) However, the Court finds that the 2.2 hours billed by

Plaintiffs' counsel for these tasks is not unreasonable, given that this time encompassed reviewing Defendant's 16-page motion, conducting legal research, and drafting the FAC. (*See* ECF No. 60-2 at 207.) The Court declines to deduct this time from Plaintiffs' fee award.

Defendant further contends that a 1.0-hour billing entry on May 1, 2023 for "drafting an ESI letter, RFPs, SROGs, RFAs, FROGs, and a notice of deposition" is "suspect and unreasonable" because "no ESI letter, SROGs, RFAs, or FROGs were ever served in this case" and Plaintiffs' written discovery requests were not served until December 2023. (ECF No. 66 at 18.) Notably, courts will decline to award fees incurred to draft unserved discovery requests where the drafting attorney "fail[s] to explain why he drafted discovery and then decided not to serve that discovery for the following 9 months." *Matevosyan v. Mercedes-Benz USA, LLC*, No. 22-4679-MWF (JEMx), 2023 U.S. Dist. LEXIS 213774, at *27 (C.D. Cal. July 10, 2023); *see also Odadjian v. Jaguar Land Rover N. Am., LLC*, No. 2:21-cv-09333-SB-GJS, 2022 WL 17254343, at *3 (C.D. Cal. Aug. 18, 2022) (declining to award fees for time spent drafting discovery requests that the plaintiff never served on the defendant in part because the plaintiff failed to clarify when counsel drafted the requests, and, assuming that the discovery requests had been prepared "earlier on" in the case, the plaintiff's "unexplained failure to serve the discovery made its preparation useless"). Here, however, because Defendant acknowledges that Plaintiffs eventually served RFPs on Defendant—albeit seven months after this billing entry—the Court finds that at least some of the time expended in this billing entry should be recoverable by Plaintiffs' counsel. The Court accordingly reduces this time entry by 0.5 hours.

In its objections to Plaintiffs' billing entries, Defendant contends that several entries related to drafting and corresponding about an "initial discovery meet and confer letter" should be excluded because "[n]o discovery meet and confer letter was served throughout the case history." (ECF No. 66-5 at 17–18.) The Court accordingly deducts the January 31, 2024, and February 1, 2024, billing entries related to drafting and corresponding about the initial discovery meet and confer letter—totaling 5.1 hours—from Plaintiffs' fee award.

#### d.    Block-Billing

Defendant contends that several billing entries should be excluded or reduced due to impermissible block-billing. (ECF No. 66 at 19.) However, "block billing only becomes an issue where there is a need to separate work that qualifies for compensation from work that does not." *Zargarian*, 442 F. Supp. 3d at 1228 (citing *Jaramillo v. County of Orange*, 200 Cal. App. 4th 811, 830 (Ct. App. 2011)). Courts accordingly find block-billing unobjectionable where there is "no need to separate out covered from uncovered work." *Id.* (quoting *Jaramillo*, 200 Cal. App. 4th at 830); *see Lardizabal v. Am. Express Nat'l Bank*, No. 22-cv-345-MMA (BLM), 2023 WL 8264435, at *8 (S.D. Cal. Nov. 29, 2023) (determining that block-billing was neither "egregious" nor "objectionable" where all the billing entries in question were related to the plaintiff's claims for which he was eligible to receive attorney's fees and "none of the entries complained about … exceeded even three hours of billable time").

Defendant objects to only two of Plaintiffs' billing entries as "improper block-billing." (*See* ECF No. 66-5 at 17 (listing "[b]lock time" as an objection to an entry where attorney Elizabeth Larocque billed 1.1 hours for "Review, revise Initial Disclosures. Review, analyze, redact documents for production and several correspondence."); *id.* at 18 (listing "[b]lock time" as an objection to an entry where attorney Tionna Carvalho billed 0.5 hours for "Review correspondence from client [ ] Review and sign D's 998 offer").) The Court finds that these entries do not contain any tasks that are ineligible for compensation, rendering block-billing unobjectionable. The Court declines to find that Plaintiffs' fee award warrants a reduction due to block-billing.

#### e.    Clerical Tasks and Internal Communications

Defendant contends that one billing entry should be excluded because Plaintiffs' counsel billed for tasks that are clerical in nature. (ECF No. 66 at 19.) Specifically, Defendant objects to a billing entry on November 28, 2023, where attorney Tara Mejia billed 0.2 hours for "Update discovery definitions, Double-check VINS and update caption." (ECF No. 66-5 at 17.) Defendant contends that the Court should exclude these

hours as "clerical tasks that were billed by a senior attorney with an excessive hourly rate." (ECF No. 66 at 20.) While the Court notes that Mejia is not a senior attorney, as she was admitted to the bar in 2022—only one year prior to the date of the challenged billing entry—the Court agrees that this entry is comprised of work that appears to be at least partially clerical in nature, such as "[d]ouble-check[ing] VINS" and "updat[ing] [the] caption." The United States Supreme Court has held that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 US. 274, 288 n.10 (1989); *see Scott*, 2021 WL 6006411, at *6 (explaining that ineligible clerical tasks include "creating indexes for a binder; filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents"). However, the Court is not convinced that "[u]pdat[ing] discovery definitions" constitutes clerical work. *See Zargarian*, 442 F. Supp. 3d at 1229 (declining to exclude certain tasks, including "drafting initial disclosures" and "drafting discovery documents," from the fee award because they were not "purely clerical or secretarial tasks"). The Court accordingly deducts only 0.1 hour from this billing entry.

As for internal communications, Defendant objects to one billing entry on July 11, 2024, where attorney Elizabeth Larocque billed 0.6 hours for "Numerous correspondence and phone calls with IT re ID and doc production and retrieval of same." (ECF No. 66-5 at 18.) The Court agrees that, as best the Court can discern, this time entry appears to involve resolving technical issues with retrieving documents, rather than substantive legal work. *See Scott*, 2021 WL 6006411, at *7 (noting that courts decline to award fees for "retrieving electronic court documents" because this task is clerical in nature). The Court accordingly deducts this entry from Plaintiffs' fee award.

### f.    Fees Incurred After the Rule 68 Offer

In its objections to Plaintiffs' billing entries, Defendant contends that all fees incurred after August 8, 2024—the date Plaintiffs accepted Defendant's Rule 68 Offer—"should be excluded entirely." (ECF No. 66-5 at 19–20.) The challenged entries include

communicating with a clerk about the parties' upcoming status conference, attending the status conference, finalizing the Plaintiffs' Request for Entry of Judgment Pursuant to FRCP 68(a), and reviewing the settlement and approving the disbursement to Plaintiffs. *See id.* The Court finds that these tasks—and the time spent completing them—were reasonable. Additionally, the Court notes that the Rule 68 Offer does not limit Plaintiffs' ability to recover fees incurred after acceptance of the offer. (*Compare* ECF No. 51, *with Wentworth v. Ford Motor Co.*, No. 22-CV-01964-W-BGS, 2023 WL 11795672, at *4 (S.D. Cal. Apr. 17, 2023) (striking all hours billed after the date of the defendant's Rule 68 offer where the offer contained a provision that "explicitly limit[ed]" the plaintiffs' recovery to "fees and costs now accrued").)

The Court declines to deduct the fees incurred after Plaintiffs' acceptance of the Rule 68 Offer.

### g.    Fees for the Present Motion

Defendant contends that Plaintiffs request "excessive" fees for preparing the present Motion for Attorneys' Fees, Costs, and Expenses, considering its "cookie-cutter" and "template" nature. (ECF No. 66 at 18–19.) Defendant contends that Plaintiffs' fees for this Motion "should be rejected altogether, or significantly reduced to no more than $1,500.00." *Id.* at 19.

Here, attorney Christian Castro billed a total of 9.2 hours—or $4,370.00—to draft the present Motion and its supporting documents. (ECF No. 60-2 at 209.) In lemon law cases, courts often reduce the hours spent on motions for attorneys' fees due to the template, "boilerplate" nature of these motions and their accompanying documents. *See, e.g.*, *Ovesepyan v. Mercedes-Benz USA, LLC*, No. 2:21-cv-01410-FWS-AFM, 2023 WL 8586384, at *4 (C.D. Cal. Mar. 17, 2023) (finding no more than nine hours spent on the fee motion to be reasonable in light of "the straightforward and boilerplate nature of lemon law fee motions"); *Saavedra v. Ford Motor Co.*, No. 21-cv-01193-AJB-BGS, 2022 WL 16629951, at *3 (S.D. Cal. Sept. 16, 2022) (reducing the plaintiff's fees for time spent on the attorneys' motion to $1,250.00 because an attorneys' fees motion in a Song-Beverly

action "is largely a template-driven activity"); *Demaria*, 2020 WL 7013584, at *4 (reducing the fee for the attorneys' fee motion from $1,755.00 to $1,055.00 "[b]ecause the motion is largely a template-driven activity"); *Scherer*, 2022 WL 22902332, at *4 (reducing SLP's recovery for a fee motion to $4,579.50). *But see Hellenberg*, 2020 WL 1820126, at *4–5 (concluding that, although the plaintiff's attorneys "were not required to draft the [fees] motion from scratch, or conduct much, if any, substantive research," billing 4.7 hours and $980.00 was "a reasonable amount of time").

The Court concludes that Plaintiffs' requested fee for drafting the pending Motion is inflated when considering its template nature, particularly in comparison to the hours that courts have deemed reasonable for the same type of motion in similar "lemon law" cases. The Court accordingly reduces Plaintiffs' counsel's time for drafting the present Motion and its supporting documents by 4.2 hours. Plaintiffs' counsel accordingly may recover $2,375.00 for this task.

Plaintiffs also requested an additional $4,500.00 as "Anticipated Fees to review Opposition, draft Reply ISO P's Motion for Attorneys' Fees, Costs, and Expenses, and attend hearing on P's Motion for Attorneys' Fees, Costs, and Expenses." (ECF No. 60-2 at 209.) However, the Court did not hold a hearing on the pending Motion, and Plaintiffs did not file a reply brief. Accordingly, the Court declines to award Plaintiffs any of the $4,500.00 requested as "Anticipated Fees."

### 3. Lodestar Multiplier

"The lodestar amount is considered presumptively reasonable, and only the 'rare' or 'exceptional' case will justify an upward adjustment." *Rahman*, 594 F. Supp. 3d at 1207 (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000)). Courts generally consider four factors when determining whether to add a "multiplier" or "enhancement" to the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Zargarian*, 442 F. Supp. 3d at 1230 (quoting *Ketchum*, 17 P.3d at 741).

Plaintiffs contend that a lodestar multiplier enhancement of 1.35 is warranted in this case because (1) "counsel obtained an excellent outcome"; (2) the risks posed by the litigation were "substantial" because "SLP undertook representation of Plaintiff[s] on a contingency basis"; and (3) payment has been delayed for over a year. (ECF No. 60 at 21–23.) Defendant contends that a multiplier is unwarranted because "no facts supporting an enhancement are present." (ECF No. 66 at 22.) In particular, Defendant contends that "this case lasted less than one and a half years and had very basic motion practice," "[t]here was nothing novel or complex about this case," and "it involved no special skill or ability, nor did it result in an extraordinary award." *Id.* Defendant contends that, "[i]n similarly straightforward Song-Beverly actions," federal district courts in California "have declined to award a lodestar multiplier." *Id.* at 21 (collecting cases).

Here, the Court finds that adding a multiplier enhancement to Plaintiffs' fee award is not appropriate, given the routine nature of this case and the lack of novel or complex issues. *See Rahman*, 594 F. Supp. 3d at 1207 (concluding that none of the factors "support[ed] an enhancement of the lodestar" in "a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product"). As in *Rahman*, the fact that Plaintiffs' counsel litigated this case on a contingency-fee basis does not merit an enhancement to the lodestar, as "the [Song-Beverly Act] is a mandatory fee-shifting statute which 'eliminates any uncertainty about whether costs will be awarded to the prevailing party.'" *Id.* (quoting *Arias v. Ford Motor Co.*, No. EDCV 18-1928 PSG (SPx), 2020 WL 1940843, at *2 (C.D. Cal. Jan. 27, 2020)). The Court is also unconvinced that a multiplier is warranted based on a "delay in payment" that was incurred as a result of Plaintiffs' counsel's "own choice to take this case on a contingency basis." *Hellenberg*, 2020 WL 1820126, at *6.

Additionally, while Plaintiffs' counsel obtained an "excellent outcome" by settling this action for $105,000.00—over two times the purchase price of Plaintiffs' vehicle ($42,090.00)—an excellent outcome is only one of the factors a court considers when

determining whether to apply a multiplier. Moreover, Plaintiffs' counsel's ability to achieve excellent outcomes is already reflected in their hourly rates. *See, e.g.*, *Zapata v. Ford Motor Co.*, No. CV 22-968-GW-KSx, 2023 WL 12095331, at *7–8 (C.D. Cal. Feb. 3, 2023) (concluding that, although the court agreed that plaintiff's counsel obtained an "excellent outcome" by settling the case for "more than twice the vehicle's purchase price," a multiplier was nevertheless unwarranted because "[the] case was not particularly complex," and the plaintiff "made no showing that this [was] an extraordinary case"); *Zargarian*, 442 F. Supp. 3d at 1230 ("The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate.").

The Court declines to apply a multiplier to the lodestar in this action.

### 4.    Summary of Fees Awarded

The following chart reflects the Court's adjustments to Plaintiffs' counsel's hours billed, as discussed above:

| Name | Hourly Rate (2023) | Adjusted Hours Billed | Hourly Rate (2024) | Adjusted Hours Billed | Total |
|------|------|------|------|------|------|
| Tionna Carvalho | $570 | 2.9 | $595 | 1.3 | $2,426.50 |
| Christian Castro | N/A | N/A | $475 | 5.0 | $2,375.00 |
| Ivy Choderker | $595 | 1.0 | $595 | 0.0 | $595.00 |
| Mark Gibson | $495 | 1.0 | N/A | N/A | $495.00 |
| Elizabeth Larocque | $595 | 6.3 | $595 | 6.3 | $7,497.00 |
| Daniel Law | $475 | 9.5 | $495 | 0.5 | $4,760.00 |
| Tara Mejia | $350<br><br>$395 | 0.5<br><br>0.3 | N/A | N/A | $293.50 |

| Mirwais Mohammad | $400 | 0.0 | N/A | N/A | $0.00 |
|---|---|---|---|---|---|
| Deborah Rabieian | $435 | 0.0 | N/A | N/A | $0.00 |
| Rosy Stoliker | N/A | N/A | $435 | 1.3 | $565.50 |
| Rabiya Tirmizi | N/A | N/A | $395 | 6.5 | $2,567.50 |
| Michael Tracy | $475 | 0.3 | N/A | N/A | $142.50 |
| | | | | | **$21,717.50** |

The Court's adjustments result in a total of $21,717.50 in recoverable attorneys' fees.

### B.    Costs and Expenses

In the present Motion for Attorneys' Fees, Costs, and Expenses, Plaintiffs contend that they are entitled to recover $1,451.50 in costs and expenses. (ECF No. 60 at 10.) Separately, Plaintiffs filed a Bill of Costs seeking for costs to be taxed in their favor in the amount of $751.25. (ECF No. 61.) The Clerk of the Court denied Plaintiffs' Bill of Costs as untimely. (ECF No. 64.)

Defendant contends that Plaintiffs' request for costs in the pending Motion "should be denied entirely because Plaintiffs seek unrecoverable costs, do not present any evidence to support their costs, and improperly bring an untimely request for costs." (ECF No. 66 at 23.) Defendant also points out that the Clerk of the Court previously rejected Plaintiffs' Bill of Costs as untimely. (*See* ECF No. 64.)

### 1.    Legal Standard

Under federal law, the costs available to the prevailing party are limited to those listed in 28 U.S.C. § 1920. *See Hellenberg*, 2020 WL 1820126, at *6 (citing Fed. R. Civ. P. 54(d); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). "However, where a claim for reimbursement of costs arises under state law, state law may determine costs." *Scherer*, 2022 WL 22902332, at *9 (citing *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003)). As relevant here, the Song-Beverly Act contains a broad provision authorizing the prevailing plaintiff to "recover as part of the judgment a sum

23

equal to the aggregate amount of costs and expenses … determined by the court to have been reasonably incurred by the [plaintiff] in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d); *see Zomorodian v. BMW of N. Am., LLC*, 332 F.R.D. 303, 305 (C.D. Cal. 2019) (noting that the Song-Beverly Act "is broader than the Local Rules and FRCP 54 because it permits prevailing parties to recover 'expenses' as well as 'costs'"). Federal courts often find that "[c]osts and expenses under the Song-Beverly Act are … part of a substantive, compensatory damages scheme, which trump federal procedural rules and are recoverable in federal court." *Scott v. Ford Motor Co.*, No. EDCV 18-2346 JGB (KKx), 2020 WL 8125665, at *2 (C.D. Cal. Nov. 24, 2020); *see also Jurosky*, 2020 WL 5033584, at *9 ("The costs and expenses provision in the Song-Beverly Act is substantive"); *Scherer*, 2022 WL 22902332, at *9 ("[T]he Court concludes the Song-Beverly Act applies to Plaintiffs' contention that they are entitled to costs and expenses.").

In this case, however, "it is not necessary for the court to revisit this issue here because [D]efendant has consented to § 1794(d) as the controlling statute concerning costs based on the parties' settlement agreement." *Martinez v. Ford Motor Co.*, No. 1:18-cv-01607-NONE-JLT, 2021 WL 3129601, at *10 (E.D. Cal. July 23, 2021). Specifically, the Rule 68 Offer states:

> [Defendant] offers to permit judgment to be entered … and Plaintiffs shall retain the right to petition the Court for an award of reasonably and actually incurred attorney fees and costs recoverable pursuant to California Civil Code Section 1794(d). In ruling on Plaintiffs' fee/cost motion(s), the attorney fees, expenses and costs shall be calculated as if Plaintiffs were found to have prevailed in this action under section 1794(d) of the California Civil Code.

(ECF No. 51 at 5.) Nevertheless, "[a]lthough state substantive law applies, this does not obviate the Court's obligation to ensure that the costs were 'reasonably incurred.'" *Saavedra*, 2022 WL 16629951, at *5 (citing Cal. Civ. Code § 1794(d)).

/ / /

/ / /

### 2.    Procedural Issues with Plaintiffs' Request for Costs and Expenses

As a preliminary matter, the Court first addresses the procedural issues with Plaintiffs' request for costs and expenses, namely: (1) the untimeliness of Plaintiffs' request and (2) Plaintiffs' failure to file a motion to retax costs after the Clerk of the Court rejected the Bill of Costs as untimely.

Generally, in this district, "[w]ithin fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law, and who claims costs, must file with the Clerk the bill of costs, together with a notice of when the Clerk will hear the application." S.D. Cal. Civ. L.R. 54.1(a). Subsequently, "[a] review of the decision of the Clerk in the taxation of costs may be taken to the Court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1." S.D. Cal. Civ. L.R. 54.1(h). Such a motion to retax "must be served and filed within seven (7) days after receipt of the notice [of the Clerk's taxation of costs]." S.D. Cal. Civ. L.R. 54.1(h)(1). However, "[a]lthough a party may waive his right to move for review of costs by not filing the motion within the proper time limits, a court has discretion to review an untimely motion, notwithstanding the waiver." *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2021 WL 3727078, at *2 (N.D. Cal. Aug. 23, 2021) (quoting *Ashker v. Sayre*, No. 05-03759 CW, 2010 WL 2991667, at *1 (N.D. Cal. July 29, 2010)); *see also J.A.M. v. United States*, No. 3:22-CV-00380-GPC-BGS, 2024 WL 4573753, at *1 (S.D. Cal. Oct. 24, 2024) ("[B]ecause 'the timeliness requirements of Rule 54(d) are not jurisdictional,' a court has discretion to consider untimely motions for costs" (quoting *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1292 (N.D. Cal. 2014))).

Here, prior to Plaintiffs' filing of either the present Motion or the Bill of Costs, the Court issued an Order granting the parties' joint motion to continue the deadline for Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Expenses, extending Plaintiffs' deadline to file the motion to November 19, 2024. (ECF No. 57 at 2.) However, Plaintiffs did not file the present Motion until November 25, 2024, and they did not file the Bill of Costs until the following day. (ECF Nos. 60 & 61.) On December 9, 2024, the Clerk of the

Court issued an Order Taxing Costs in the amount of $0.00. (ECF No. 64.) In the Order, the Clerk of the Court stated:

> Local Rule 54.1(a) allows a prevailing party entitled to costs to file a Bill of Costs within fourteen (14) days after entry of judgment. The Bill of Costs was filed on November 26, 2024. An entry of judgment was entered on August 22, 2024. As such, this Bill of Costs must be denied in its entirety.

*Id.* at 1. While the Clerk of the Court's Order did not reference the Court's prior extension of the deadline for Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Expenses, the Clerk of the Court correctly noted that Plaintiffs' Bill of Costs was untimely. *See id.* Plaintiffs filed the Bill of Costs on November 26, 2024, seven days after the extended deadline. (*See* ECF No. 61.) Notably, Plaintiffs did not file a motion to retax costs or otherwise challenge the Clerk of the Court's Order taxing $0.00 in costs.

In light of the language of the Rule 68 Offer, the Court finds that it is appropriate to consider Plaintiffs' request for costs and expenses, despite the untimeliness of Plaintiffs' request and their failure to file a motion to retax costs. In *Instrumentation Laboratory Co. v. Binder*, the court granted the plaintiff's untimely request for costs in spite of the plaintiff's failure to file a bill of costs or to obtain "prior leave of court to forego the procedure set forth in Rule 54(d)(1) and [the Local Rules]." No. 11cv965 DMS (KSC), 2013 WL 12049072, at *7 (S.D. Cal. Sept. 18, 2013), *aff'd*, 603 F. App'x 618 (9th Cir. 2015). The court explained that it was granting the plaintiff's untimely request in part because the agreement between the parties "provide[d] for recovery of all reasonable litigation expenses," and the court accordingly "[would] not deny [the plaintiff's] request based solely on a point of procedure that does not prejudice Defendants in any way." *Id.* Similarly, here, Defendant has also failed to demonstrate how it has suffered prejudice due to Plaintiffs' failure to follow procedure. Additionally, the agreement between the parties in this case—the Rule 68 Offer—likewise provides for Plaintiffs' recovery of "expenses and costs … as if Plaintiffs were found to have prevailed in this action under section 1794(d) of the California Civil Code." (ECF No. 51 at 5.)

The Court will accordingly exercise its discretion to consider Plaintiffs' request for costs and expenses in the present Motion.

### 3.    Costs from the State Court Action

Plaintiffs appear to request that the Court award costs and expenses that Plaintiffs incurred while litigating the state court action that preceded this action. Notably, Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses seeks $1,451.50 in costs and expenses, which includes costs and expenses incurred during the state court action. (*See* ECF No. 60 at 2 (seeking $1,451.50 in costs); ECF No. 60-2 at 209–10 (reporting the total costs and expenses (including costs incurred from August 12, 2021, to February 16, 2022, while the state court action was pending) as $1,451.50).) In contrast, Plaintiffs' Bill of Costs sought only $751.25 for costs and expenses incurred during the present federal action. (*See* ECF No. 61-1 at 1–2, 5–6.)

To the extent Plaintiffs seek to recover costs and expenses from the state court proceeding, the Court finds those costs and expenses to be unrecoverable in the present action. As the Court concluded above when discussing Plaintiffs' attorneys' fees, in light of Federal Rule of Civil Procedure 41(d), it would similarly be illogical and inequitable to permit Plaintiffs to recover their costs and expenses from the state court proceeding that they voluntarily dismissed before filing the present federal action.

The Court accordingly declines to award Plaintiffs any costs or expenses that they incurred during the state court action.

### 4.    E-Filing and Email Expenses

Turning now to the costs and expenses incurred during the present action, the Court notes that many of Plaintiffs' requests involve expenses owed to First Legal Network, LLC ("First Legal") for "eFiling" and "eMail Correspondence." (*See* ECF No. 60-2 at 209–10; ECF No. 61-1 at 5–6.)

As explained above, although only certain specified costs are eligible to be taxed under 28 U.S.C. § 1920 and this Court's Local Rules, under the broader provisions of the Song-Beverly Act, prevailing plaintiffs may "recover reasonably incurred costs and

expenses as nontaxable expenses." *Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD, 2024 WL 3967691, at *10 (E.D. Cal. Aug. 28, 2024) (citing Cal. Civ. Code § 1794). Nevertheless, federal courts will decline to award such nontaxable expenses where the plaintiff fails to demonstrate that they were "reasonably incurred." *See id.* In *Owen*, the Eastern District of California declined to award the plaintiff her requested expense for $2,228.98 spent on e-filing documents through First Legal because the plaintiff failed to show that these expenses were reasonably incurred. *Id.* The Court noted that the plaintiff "[did] not argue she had to file documents through First Legal and [did] not address defendant's argument [that] she could have filed those documents through PACER without incurring these additional costs." *Id.*; *see also Meeks v. FCA US LLC*, No. 1:22-cv-0761 JLT CDB, 2024 WL 4437098, at *10 (E.D. Cal. Oct. 7, 2024) (declining to award the plaintiff "the private e-filing costs" he owed to First Legal because these costs "[were] not reasonable given that counsel may have e-filed the documents without such costs" (citing *Owen*, 2024 WL 3967691, at *9)).

Here, Plaintiffs similarly do not explain why the expenses owed to First Legal for e-filing and emailing various documents were "reasonably incurred." Accordingly, the Court declines to award any of these costs—totaling $185.75 (*see* ECF No. 60-2 at 209–10)—to Plaintiffs.

### 5. Recoverable Costs

The Court finds that the remaining costs and expenses sought by Plaintiffs are recoverable. Specifically, Plaintiffs seek to recover $402.00 for the costs of the filing fee to file the Complaint to initiate this action. For one matter, this cost was "reasonably incurred" under California Civil Code § 1794(d). Additionally, Plaintiffs provide evidence documenting this expense, in the form of a screenshot of the docket, which notes the filing

fee amount ($402.00), as well as the receipt number. (ECF No. 61-1 at 10.)[10] Plaintiffs may accordingly recover the cost of the $402.00 filing fee.

Plaintiffs also seek to recover the costs for service of the summons and complaint in this action, in the amount of $138.50. The Court finds that this cost was also "reasonably incurred" under California Civil Code § 1794(d). Additionally, Plaintiffs provide evidence to support this cost, in the form of a receipt from First Legal that states in the "Service Detail" section: "SUMM; COMP; CCCS; ORDER" and "SERVE PROVIDE POS." *Id.* at 8. Plaintiffs may accordingly recover the $138.50 cost for service of the summons and complaint in this action.

In total, Plaintiffs are entitled to recover $540.50 in costs and expenses pursuant to the language of the Rule 68 Offer, as well as California Civil Code § 1794(d).

## V.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' first Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 58) is denied as moot.

IT IS FURTHER ORDERED that Plaintiffs' second Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 60) is granted in part and denied in part. Defendant shall pay Plaintiffs' attorneys' fees in the amount of $21,717.50. Defendant shall also pay Plaintiffs' costs and expenses in the amount of $540.50.

The Clerk of the Court shall close this case.

Dated:  August 26, 2025

Hon. William Q. Hayes
United States District Court

---

[10] Although Defendant contends that Plaintiffs "provide no explanation of their costs nor any way for the Court to determine whether these costs were actually incurred" (ECF No. 66 at 23), the Court notes that Plaintiffs attached a declaration, along with exhibits of supporting evidence, including receipts, to the Bill of Costs. (*See* ECF No. 61-1.) The Court considers this evidence when evaluating whether Plaintiffs' costs were actually and reasonably incurred.

23-cv-1775-WQH-LR